Larry R. Laycock (Bar. No. 4868)
   larrylaycock@djplaw.com
Adam B. Beckstrom (Bar. No. 14127)
   abeckstrom@djplaw.com
Durham Jones & Pinegar, P.C.
111 S. Main Street, Suite 2400
Salt Lake City, UT 84111
(801) 415-3000

*Attorneys for Plaintiff Balchem Corporation*

# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH (CENTRAL DIVISION)

| | |
|---|---|
| BALCHEM CORPORATION, a Delaware Corporation,<br><br>               Plaintiff,<br><br>vs.<br><br>NBGS PHARMA, LLC, a limited liability company, NATIONAL BIO-GREEN SCIENCES LIMITED LIABILITY COMPANY, a limited liability company, LIFSA DRUGS, LLC, a limited liability company, THOMAS ZITA, an individual, and NIKOLAS RENIERIS, an individual,<br><br>               Defendants. | **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br><br>Civil Action No. 1:20-cv-00142-DB<br><br>Judge Dee Benson |

Plaintiff Balchem Corporation ("Balchem") complains against Defendants, NBGS Pharma, LLC, NBGS, Inc., National Bio-Green Sciences Limited Liability Company, LIFSA Drugs, LLC, Thomas Zita, and Nikolas Renieris (hereinafter referred to collectively as the "Defendants" or the "Accused Infringers") for the causes of action as follows:

## THE PARTIES

1. Balchem is a corporation organized and existing under the laws of the State of Maryland with its corporate headquarters located in New Hampton, New York. Balchem maintains a sales office located at 67 South Main Street, #200, Layton Utah, from which Balchem conducts a significant amount of its business.

2. Defendant NBGS Pharma, LLC is a limited liability company existing under the laws of the State of New Jersey with its principal place of business located at 6B Culnen Drive, Branchburg, New Jersey 08876-0887.

3. Defendant National Bio-Green Sciences Limited Liability Company ("National Bio-Green") is a limited liability company existing under the laws of the State of New Jersey with its principal place of business located at 6B Culnen Drive, Branchburg, New Jersey 08876-0887.

4. Defendant NBGS, Inc. ("NBGS") is a corporation existing under the laws of Delaware with its principal place of business located at E-6A Brier Hill Court, East Brunswick, New Jersey 08816.

5. Defendant LIFSA Drugs, LLC ("LIFSA") is a limited liability company existing under the laws of the State of New Jersey with its principal place of business located at 3 Greenwich Court, North Brunswick, New Jersey 08902.

6. On information and belief, National Bio-Green, NBGS, and LIFSA are all under common control.

7. On information and belief, Defendant Thomas Zita is a New Jersey resident with an address at 50 Dickenson Road, Basking Ridge, New Jersey 07920.

8. On information and belief, Defendant Nikolas Renieris is a New Jersey resident with an address at 400 Covered Bridge Road, Neshanic Station, New Jersey 08853.

## JURISDICTION AND VENUE

9. This is a civil action for trademark infringement arising under the Lanham Act of 1946, as amended, 15 U.S.C. § 1114, et seq.

10. This is also a civil action for false designation of origin under the Lanham Act of 1946, as amended, 15 U.S.C. § 1125(a).

11. This is also a civil action for unfair competition arising under the Utah Unfair Competition Act §§ 13-5a-101 *et seq*.

12. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

13. This court has personal jurisdiction over the Defendants because Defendants have purposely availed themselves of the privileges and benefits of the State of Utah.

14. On information and belief, Defendants do, and have done, substantial business in this Judicial District, including: (i) advertising and selling products, including but not limited to, nutraceuticals, vitamins, minerals, amino acids, and/or other dietary supplements; (ii) regularly doing business, or soliciting business, by virtue of nationwide sales and offers to sell through

Defendants' interactive and commercial website(s), which direct Defendants' services and products to Utah residents; and (iii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

15. This Court's exercise of personal jurisdiction over Defendants is consistent with the Constitutions of the United States and the State of Utah.

16. Venue is proper in this Judicial District under at least 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

17. Balchem manufactures and sells, among other things, numerous human and animal nutrition and health products around the world, and it has done so for over forty years. Among Balchem's various nutritional and health products is Balchem's VitaShure® product line—an extensive line of microencapsulated nutraceuticals, vitamins, minerals, amino acids, bioactive substances.

18. Balchem is the exclusive owner of several federally registered trademarks, including the VITASHURE® trademark, United States Trademark Registration No. 2,686,943 (hereinafter the "Asserted Trademark"), a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

19. Balchem has developed recognition and goodwill for the products sold under the Asserted Trademark among both Balchem's immediate customers and the consuming public generally.

20. As a result of, among other things, Balchem's substantial investment in the Asserted Trademark, and the products marketed under this trademark, the consuming public

3

recognizes the Asserted Trademark, and associated products and features bearing the Asserted Trademark with a single source, namely Balchem.

21. Defendants are each also in the business of selling and distributing various health and nutrition related products, including nutraceuticals, vitamins, minerals, amino acids, and other dietary supplements.

22. On information and belief, Thomas Zita and Nikolas Renieris have acted in their individual capacity, and as agents of National Bio-Green, NBGS, and LIFSA to sell and distribute various health and nutrition related products, including nutraceuticals, vitamins, minerals, amino acids, and other dietary supplements (the "Accused Products") using the mark "VITASURE"—which is confusingly similar to Balchem's Asserted Trademark, "VITASHURE®".

23. Balchem has not licensed Defendants any rights in or to the Asserted Trademark and Defendants do not have any right or authority to use, market, display, or sell products using the Asserted Trademark.

24. Examples of Defendants use of the Vitasure mark are set forth in **Exhibit B**, which is filed concurrently herewith.

25. Defendants' sale, marketing, and manufacturing of the competing products, namely nutraceuticals, vitamins, minerals, amino acids, and other dietary supplements under the mark Vitasure has an effect on interstate commerce.

26. Defendants' use of the mark vitasure in marketing their respective competing products creates confusion as to the source of the Accused Products, leading customers to erroneously believe that they are in fact made, or otherwise authorized, by Balchem.

27. Defendants had pre-suit knowledge of the Asserted Trademark at least as early as August 4, 2020.

28. On August 4, 2020, before filing this complaint, Balchem mailed Defendants each a courtesy copy of the Asserted Trademark along with a cease and desist letter.

29. Defendants did not respond to the cease and desist letter and their infringement of the Asserted Trademark continued unabated.

30. Balchem has suffered cognizable injury as a result of Defendants' infringing activities.

31. Balchem has suffered injury in fact and has lost money or property as a result of Defendants' unfair and unlawful business practices in the form of damage to its good will, lost sales, price erosion, and other actual damages.

## FIRST CLAIM FOR RELIEF
**(Federal Trademark Infringement VITASHURE® Trademark)**

32. By this reference Balchem realleges and incorporates the foregoing paragraphs as though fully set forth herein.

33. Defendants' use of the mark Vitasure—which is confusingly similar to the Asserted Trademark, "VITASHURE®,"—is likely to cause confusion, mistake or deception as to the source, origin, affiliation, connection, or association of the Accused Products with Balchem, or as to the approval of the Accused Products by Balchem

34. As such, Defendants' use of the Vitasure mark to market and sell the Accused Products constitutes infringement of Balchem's rights in the Asserted Trademark under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

35. Defendants' infringement of Balchem's rights in the Asserted Trademark negatively affects Balchem's business in the United States and throughout the world.

36. On information and belief, Defendants' infringement of the Asserted Trademark has taken place with the full knowledge of Balchem's rights. As such, Defendants' infringement has been intentional, deliberate, and willful.

37. Defendants' infringement of Balchem's rights in the Asserted Trademark has caused Balchem to suffer damages and irreparable harm.

38. By reason of the foregoing, Balchem is entitled to monetary and injunctive relief pursuant to 15 U.S.C. §§ 1116-1118, as more fully set forth herein below.

## SECOND CLAIM FOR RELIEF
### (Federal Trademark Infringement, False Designation, and Unfair Competition with Respect to the Asserted Trademark)

39. By this reference Balchem realleges and incorporates the foregoing paragraphs as though fully set forth herein.

40. Defendant's use of the mark Vitasure is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection or association of the Accused Products with Balchem, or as to the approval of the Accused Products by Balchem, and thus constitutes trademark infringement, false designation of origin, and unfair competition with respect to the Asserted Trademark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendants' actions have taken place with full knowledge of the Asserted Trademark and therefore have been intentional, deliberate, and willful.

42. Defendants' violation of 15 U.S.C. § 1125(a) has caused Balchem to suffer damages and irreparable harm.

6

43. By reason of the foregoing, Balchem is entitled to monetary and injunctive relief pursuant to 15 U.S.C. §§ 1116-1118, as more fully set forth herein below.

### THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Unfair Competition)**

44. By this reference Balchem realleges and incorporates the foregoing paragraphs as though fully set forth herein.

45. Defendants, by their actions set forth hereinabove, have engaged in intentional business acts or practices that are unlawful, unfair, and/or fraudulent, including the infringement of the Asserted Trademark.

46. Defendants' use of the mark, Vitasure is likely to cause confusion, mistake, or deception as to the source, origin, affiliation, connection, or association of the Accused Products, or as to the approval of the Accused Products by Balchem and constitutes infringement of Balchem's rights in the Asserted Trademark.

47. By reason of the foregoing, Balchem has suffered damages and irreparable harm.

48. By reason of the foregoing, Balchem is entitled to, at least, damages from the Defendants.

### FOURTH CLAIM FOR RELIEF
**(Utah Unfair Competition Act §§ 13-5a-101 *et seq*.)**

49. By this reference Balchem realleges and incorporates the foregoing paragraphs as though fully set forth herein.

50. Defendants' repeated use of the mark Vitasure constitutes acts that are unlawful, unfair, and fraudulent, including at least the unlawful infringement of Balchem's rights in the Asserted Trademark.

51. Balchem alleges on information and belief that Defendants have engaged in unlawful, unfair, and fraudulent business acts against Balchem in willful and deliberate disregard of Balchem's rights in the Asserted Trademark.

52. Defendants' unlawful infringement of the Asserted Trademark has led to a material diminution in value of the Asserted Trademark.

53. Balchem has suffered injury in fact and has lost money or property as a result of Defendant's unfair and unlawful business practices in the form of damage to its goodwill, including its goodwill associated with the Asserted Trademark, lost sales, and other actual damages.

54. Defendants' acts and conduct have caused and continue to cause Balchem to suffer irreparable harm.

55. By reason of the foregoing, Balchem is entitled to, at least, damages from the Defendants, including actual damages and punitive damages.

**PRAYER FOR RELIEF**

Balchem prays for judgment as follows:

A. A judgment finding Defendants liable for infringement of the Asserted Trademark, unfair competition, and unlawful, unfair, or fraudulent practices in violation of the Utah Unfair Competition Act § 13-5a-103;

B. An order of this Court temporarily, preliminarily, and permanently enjoining Defendants, their principals, agents, and servants, and any and all person or entities acting in concert with any of them from directly or indirectly infringing in any manner upon Balchem's

rights in the Asserted Trademark in connection with the Accused Products, or otherwise, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a);

F. An order of this Court temporarily, preliminarily, and permanently enjoining Defendants, their principals, agents, and servants, and any and all person or entities acting in concert with any of them from using the Vitasure mark to market, advertise, promote, offer for sale, sell, or distribute products, including the Accused Products pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a);

G. For damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114;

I. For damages in an amount to be proven at trial for false designation of origin under 15 U.S.C. § 1125(a);

J. For damages in an amount to be proven at trial for unfair competition and trademark infringement under Utah common law;

K. An award of Defendants' profits in an amount to be proven at trial, pursuant to at least 15 U.S.C. § 1117(a);

M. An award of punitive damages, pursuant to all applicable state statutory and common law, including at least § 13-51-103(1)(b)(iii) of the Utah Unfair Competition Act;

N. An award of Balchem's costs in bringing this action, pursuant to all applicable state statutory and common law, including at least 15 U.S.C. § 1117(a) and § 13-51-103(1)(b)(iii) of the Utah Unfair Competition Act;

  O. An award of Balchem's attorney fees, pursuant to agreement or all applicable state statutory and common law, including at least 15 U.S.C. § 1117(a) and § 13-51-103(1)(b)(iii) of the Utah Unfair Competition Act;

  P. An imposition of constructive trust on, and an order requiring full accounting of, the sales made by Defendants as a result of its wrongful or infringing acts alleged herein;

  Q. Prejudgment interest, pursuant to at least 15 U.S.C. § 1117(b);

  R. An award of Balchem's attorney fees, pursuant to all other applicable statutory and common law;

  S. Post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

  T. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Balchem demands trial by jury on all claim and issues so triable.

DATED this 27th day of October, 2020.

> DURHAM JONES & PINEGAR
>
> */s/ Larry R. Laycock*
> Larry R. Laycock
> Adam B. Beckstrom
> Landon T. Laycock
>
> *Attorneys for Plaintiff Balchem Corporation*